IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Metropolitan Life Insurance Company,<br>200 Park Avenue<br>New York, NY 10166-0044 | : | Civil Action No. 2:23-CV-138 |
| Interpleader Plaintiff | : | |
| v. | : | |
| Gloria Shaffer<br>196 Route 28<br>Brookville, PA 15825 | : | |
| and | : | |
| Krista Lonesome<br>267 Lacoma Lane<br>Concord, NC 28025 | : | |
| Interpleader Defendants. | : | |

**COMPLAINT FOR INTERPLEADER**

Metropolitan Life Insurance Company (MetLife), by and through undersigned counsel, files this Complaint for Interpleader and in support thereof avers as follows:

**PARTIES**

1. Interpleader Plaintiff is Metropolitan Life Insurance Company ("MetLife"), a Delaware corporation whose principal place of business is 200 Park Avenue, New York City, New York.

2. Interpleader Defendant is Gloria Shaffer, an adult individual who upon information and belief is a citizen of the Commonwealth of Pennsylvania and can be served at 196 Route 28, Brookville, Pennsylvania (Jefferson County).

3.	Interpleader Defendant is Krista Lonesome, an adult individual who upon information and belief is a citizen of the State of North Carolina and can be served at 267 Lacoma Lane, Concord, North Carolina.

## STATEMENT OF JURISDICTION & VENUE

4.	Subject matter jurisdiction over this interpleader action exists pursuant to 28 U.S.C. § 1335, as the sum to be interpleaded exceeds $500, and the claimants are diverse under 28 U.S.C. § 1332(a).

5.	In addition or alternatively, subject matter jurisdiction over this interpleader action exists pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), (f), as this action seeks equitable relief under the Employee Retirement Income Security Act of 1974 and specifically under 29 U.S.C. § 1132(a)(3). *See Metropolitan Life Insurance Company v. Price*, 501 F.3d 271 (3d Cir. 2007).

6.	Venue is appropriate under 28 U.S.C. § 1397, which allows an interpleader action to be brought in the judicial district in which one or more claimants reside.

7.	Venue is appropriate in the Pittsburgh division of the Western District of Pennsylvania because Brookville, wherein Interpleader Claimant Gloria Shaffer resides, is a town or borough in Jefferson County, Pennsylvania.

## STATEMENT OF FACTS

8.	The American Federation of State, County and Municipal Employees (AFSCME) is an "employee organization" as defined in the Employee Retirement Income Security Act of 1974, as amended (ERISA). 29 U.S.C. § 1002(4).

9. AFSCME sponsors an "employee welfare benefit plan" as defined in 29 U.C. § 1002(1) that provides life insurance and accidental death & dismemberment benefits to eligible persons (Plan).

10. A true and correct copy of the Plan is attached as Exhibit 1.

11. The Plan is governed by ERISA.

12. MetLife issued a group insurance policy that insures the Plan benefits.

13. MetLife serves as the Plan's claims administrator. MetLife is not the plan administrator for the Plan.

14. At the time of his death in or around March 2021, Donald G. Shaffer (Decedent) was participating in the Plan as a retiree. Exhibit 2, MetLife Claim File, at MLIC0059.

15. At the time of Decedent's death, the Plan entitled Decedent's beneficiary(ies) to receive a retiree-level benefit in the amount of $70,000 (the Death Benefit). Exhibit 1 at MLIC0018; Exhibit 2 at MLIC0078.

16. The Plan allows a participant to designate beneficiaries who will receive the Death Benefit. Exhibit 1 at MLIC0042-43. ("The Beneficiary is the person or persons you choose to receive any benefit payable because of your death. You make your choice in writing on a form approved by us. This form must be filed with the records for This Plan.").

17. The Plan also contains default rules for determining the beneficiary(ies) when there is "No Beneficiary at Your Death":

> If there is no Beneficiary at your death…[then the Death Benefit] amount of benefits will be paid to your estate. However, we may instead pay all or part of [the Death Benefit] to one or more of the following persons who are related to you and who survive you:
>
> 1. spouse            3. parent

    2. child                    4. brother and sister

Any payment will discharge our liability for the amount so paid.

Exhibit 1 at MLIC0044.

18. In August 2014, several years before Decedent's death, Decedent's then-wife, Gloria Shaffer, filed for divorce in the Court of Common Pleas of Jefferson County (CCP).

19. In September 2014, the CCP after a hearing entered an order (September 2014 Order) that states in part as follows:

> 5. Neither party shall remove the other party…as beneficiary of any life insurance policy. If either party has removed the other party as such beneficiary, that party shall immediately reinstate the other as such beneficiary.

Exhibit 2, Claim File, at MLIC0072-73.

20. Upon information and belief, and on or about November 28, 2014, Decedent executed a beneficiary designation form naming Interpleader Defendant Krista Lonesome, Decedent's daughter from a prior marriage, as the sole beneficiary of the Death Benefit. Exhibit 2 at MLIC0074.

21. Upon information and belief, Decedent caused the foregoing beneficiary designation form to be delivered to the Plan.

22. In March 2019, the CCP entered an order (March 2019 Order) adopting a Master's Report, which included a document entitled "Distribution of Marital Property" (Distribution). Exhibit 2 at MLIC0061-68.

23. Paragraph I(10) of the Distribution states as follows:

> Husband is the owner of a Metropolitan Life Insurance policy naming Wife as the beneficiary of the same. Husband shall maintain Wife as the beneficiary of said policy and shall provide proof of said beneficiary election on a yearly basis by providing said proof to

       Wife's counsel at the following address: Michael B. Bogush, Esquire, Pope & Bogush, 10 Grant Street, Clarion, Pennsylvania 16214.

Exhibit 2 at MLIC0063.

24. MetLife searched for individual life policies insuring the life of Donald G. Shaffer and has not located any such policy.

25. Upon information and belief, the policy referenced in Paragraph I(10) of the Distribution is the group insurance policy that insures the benefits under the Plan.

26. Upon information and belief, Decedent died on March 13, 2021.

27. Upon information and belief, no one provided the Plan with or otherwise made the Plan aware of the September 2014 Order, the March 2019 Order, or the Distribution (hereafter and collectively, the Divorce Orders) until after Decedent died.

28. No one provided MetLife with or otherwise made MetLife aware of the Divorce Orders until after Decedent died.

29. Interpleader Defendants each filed a competing claim for the Death Benefit.

30. On May 19, 2021, MetLife issued a letter to Interpleader Defendants. Exhibit 2 at MLIC0077-79, MLIC0080-82.

31. The letter advised Interpleader Defendants that MetLife was unable to determine to whom the Death Benefit is payable. *Id.*

32. MetLife further advised Interpleader Defendants that MetLife intended to initiate an interpleader action unless the Interpleader Defendants reached an amicable compromise of their respective claims. Exhibit 2 at MLIC0079, MLIC0082.

33. MetLife also explained that an interpleader action, if necessary, would deplete the Death Benefit through "litigation costs and fees." *Id.*

34. The Interpleader Defendants have not notified MetLife of any compromise of their respective claims to the Death Benefit. See Exhibit 2 at MLIC0083; Exhibit 3 (claim history and call records).

35. Upon information and belief, and as of the date of this filing of this Complaint, no Interpleader Defendant has commenced any action to recover the Death Benefit.

## CAUSE OF ACTION & INTERPLEADER REQUIREMENTS
## MetLife as Interpleader Plaintiff v. All Interpleader Defendants

36. MetLife incorporates all paragraphs above as though fully set forth herein.

37. MetLife, in its capacity as a claims administrator for the Plan, serves as a fiduciary as defined by ERISA.

38. As an ERISA claims fiduciary for the Plan, MetLife is obligated to "discharge [its] duties with respect to [the] [P]lan solely in the interest of the participants and beneficiaries…" 29 U.S.C.S. § 1104(a)(1).

39. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or *may become entitled to* a benefit thereunder." 29 U.S.C. § 1002(8) (emphasis added).

40. Here, the "interest of the …beneficiaries" are at odds with one another.

41. Krista Lonesome's claim is based on the beneficiary designation form.

42. A beneficiary designation form is a method of designating a beneficiary that the Plan allows.

43. MetLife as a claims fiduciary is generally obligated to follow the Plan. 29 U.S.C. § 1004(a)(1)(D).

44. Gloria Shaffer's claim is based on the Divorce Orders. The Divorce Orders individually or collectively may or may not constitute a Qualified Domestic Relations Order (QDRO) under ERISA. *See* 29 U.S.C. § 1056(d)(3).

45. The federal courts in Pennsylvania have not definitively determined whether a QDRO as defined by ERISA applies to ERISA-governed life insurance plans, *i.e.*, to welfare benefit plans, notwithstanding that the QDRO provisions appear in a provision governing pension plans. 29 U.S.C. § 1056(d)(3).

46. If the Divorce Orders qualify as a QDRO and apply to welfare benefit plans, then the Divorce Orders are not preempted by ERISA and may determine the proper beneficiary of the Death Benefit.

47. Even if the Divorce Orders do not qualify as a QRDO, and even if a QRDO does not apply to ERISA-governed life insurance plans, the Divorce Orders may still have legal significance and/or may entitle Gloria Shaffer to seek relief related to the Death Benefit.

48. There is thus a substantial issue as to whether the Divorce Orders prevail over the beneficiary designation or *vice-versa*, and there is a conflict with respect to the respective "interest of the …beneficiaries." 29 U.S.C. § 1104(a)(1).

49. ERISA authorizes MetLife in its capacity as claims fiduciary to bring a civil action in order to obtain "other appropriate equitable relief" (i) to redress violations of ERISA or the Plan or (ii) to enforce provisions of ERISA or the terms of the plan. 29 U.S.C. §1132(a)(3).

50. MetLife seeks to enforce the provisions of ERISA and the Plan by ensuring that the Death Benefit is disbursed to the proper Beneficiary.

51. The Plan and MetLife have a significant interest in making sure the Plan benefits are distributed to the proper beneficiaries.

52. MetLife cannot safely determine the proper Beneficiary without risking exposure to multiple liabilities, including but not limited to attorneys' fees and costs in connection with defending itself in one or more actions to recover the Death Benefit and/or the possibility of multiple payments of the Death Benefit.

53. MetLife cannot safely determine which of the Interpleaded Claimants the Court would determine is entitled to the Death Benefit.

54. MetLife respectfully requests that this Court determine to whom the Death Benefit should be paid.

55. MetLife institutes this action in good faith and not in collusion with any claimant.

56. MetLife has not admitted the claim of any of the Interpleaded Claimants.

57. MetLife is a mere stakeholder, and claims no interest in the Death Benefit (except to recover its attorney's fees and costs in this action). It is now and at all times has been ready and willing to pay the Death Benefit plus any applicable interest into the Court Registry Investment System or such other account designated by this Court.

## **PRAYER FOR RELIEF**

Interpleader Plaintiff MetLife respectfully requests that this Honorable Court issue an order:

  a. Enjoining and restraining all Interpleader Claimants, and any other person who may claim an interest in the Death Benefit, from commencing or further prosecuting any action or proceeding in any court or other forum against MetLife, AFSCME, and/or the Plan to enforce in whole or in part any claim against MetLife, AFSCME, and/or the Plan for the Death Benefit and/or for other relief, except as a party to this above-captioned action;

  b. Directing the U.S. Marshal to serve the Complaint for Interpleader on the Interpleader Defendants;

  c. Directing each Interpleader Claimant and any other person asserting a claim to the Death Benefit to file in this action an Answer to the Complaint that includes or attaches a Statement of Claim for the Death Benefit within twenty (20) days of service; Said Answer and/or Statement may include any additional allegations that are relevant to the claim and/or to the claim of any other claimant or party;

  d. Permitting MetLife to pay the Death Benefit, plus any applicable interest, into the Court Registry Investment System or such other account designated by this Court;

  e. Dismissing MetLife from this action, and discharging MetLife, AFSCME, and/or the Plan from any further liability upon payment of the Death Benefit plus any applicable interest into the Registry of the Court, or as otherwise directed by this Court;

  f. Awarding MetLife its attorneys' fees and costs incurred in connection with this action; and

  g.  Awarding such other relief as the Court deems just and proper.

            **REGER RIZZO & DARNALL LLP**

Date: January 27, 2023  By: */s/ James L. Griffith, Jr.*
              James L. Griffith, Jr., Esquire
              Attorney I.D. #74126
              REGER RIZZO & DARNALL LLP
              Cira Centre, 13th Floor
              2929 Arch Street
              Philadelphia, PA 19104-2899
              (215) 495-6500
              jgriffith@regerlaw.com