**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

---

Metropolitan Life Insurance Company,                Civil Action No. 2:23-cv-00138-WSH

     Interpleader Plaintiff,

     v.

Gloria Shaffer and Krista Lonesome,

     Interpleader Defendants.

---

**CONSENT ORDER WITH RESPECT TO DISBURSEMENT OF FUNDS ON DEPOSIT WITH THE COURT, DISCHARGE OF LIABILITY, PERMANENT INJUNCTION, AND ATTORNEYS' FEES AND COSTS**

AND NOW, this _____4th_____ day of ___August___ 2023, upon consideration of Metropolitan Life Insurance Company's Motion for Orders Concerning Disbursement of Funds on Deposit with the Court, Discharge of Liability, Permanent Injunction, and Attorneys' Fees, which Interpleader Defendants do not oppose, and in which Interpleader Defendants join with respect to the relief in this Consent Order, it is hereby ORDERED that said Motion is GRANTED.

The Court finds as follows:

a.     Interpleader Plaintiff Metropolitan Life Insurance Company (MetLife) is the claims administrator of an employee welfare benefit plan (Plan) sponsored by the American Federation of State, County, and Municipal Employees (AFSCME). See Exhibit 1 to Complaint.

b.     The Plan is governed by ERISA.

c.     Interpleader Defendants are Gloria Shaffer and Krista Lonesome. Each claims an interest in the $70,000 amount of group life insurance benefits payable under the Plan upon the death of Donald G. Shaffer, who participated in the AFSCME Plan.

      d.      This Court authorized this interpleader action under 28 U.S.C. § 2361 and, additionally or alternatively, under federal question jurisdiction (ERISA) and Federal Rule of Civil Procedure 22.  D.E. 8.

      e.      In connection therewith, the Court enjoined the Interpleader Defendants from pursuing any actions against MetLife, AFSCME, or the Plan for the Death Benefit.  It also directed service of the complaint, the motion authorizing interpleader, and the motion for an order authorizing a deposit of funds on the Interpleader Defendants.  D.E. 8.

      f.      Additionally, this Court authorized MetLife to deposit the $70,000 life insurance benefits plus interest (the Death Benefit) with the Court (D.E. 7).

      g.      MetLife satisfied all of its duties as Interpleader Plaintiff.

           1.    It disclaimed any interest in the life insurance benefits, see Complaint (D.E. 1) 157;

           ii.    it deposited the Death Benefit with the Court, see 28 U.S.C. § 1335(a) and D.E. 7, 14, 15; and

           111.    it served the complaint and its other filings on Interpleader Defendants Gloria Shaffer and Krista Lonesone, and secured from them waivers of service of summons. *See* D.E. 8 c,r 6), and Motion Ex. 1 (Griffith Affidavit, attesting to truth of all asserted facts) and D.E. 12, 16.

      h.      Interpleader Defendants entered into a written settlement agreement negotiated by their respective counsel. *See* Declaration of Virginia Spencer Scott. The proposed compromise evenly splits the Death Benefit deposited into court, after the deduction of any fees and costs awarded to MetLife and after allowing for any interest earned while on deposit. *Id.*

1.      A discharge of liability for the benefit of, and permanent injunctive relief precluding claimants from pursuing claims against, MetLife, AFSCME, and the Plan, are warranted. Separate actions for the Death Benefit would be inefficient and costly and would further erode the Death Benefit through the payment of attorneys' fees and costs. In addition, all money due under the Plan has already been paid into the Court, and will be disbursed in accordance with this Court's order.  No further actions to recover the Death Benefit from or to assess liability against MetLife, AFSCME, or the Plan are necessary or allowable. *See* 28 U.S.C. § 2361.

J.      The Interpleader Defendants have reviewed this proposed order and the order concerning disbursements of the funds on deposit and consent to their entry.

IT IS FURTHER ORDERED as follows:

1.      Pursuant to 28 U.S.C. § 2361 and 29 U.S.C. § 1132(a)(3), Interpleader Defendants and any other persons with any interest in or claim to the Death Benefit are hereby permanently enjoined and restrained from commencing or further prosecuting any action or proceeding in any court or other forum against MetLife, AFSCME, and the Plan to enforce in whole or in part any claim against MetLife, AFSCME, and the Plan (or any of them) for the Death Benefit, and/or for other relief;

2.      MetLife, AFSCME, and the Plan are discharged from all liability to all Interpleaded Defendants in respect to the money delivered into Court, as provided under 28 U.S.C. § 2361;

3.      MetLife, AFSCME, and the Plan are discharged from all liability for any costs accruing after the entry of this order, as provided under 28 U.S.C. § 2361;

4.      The Clerk shall distribute all funds that MetLife deposited with the Court (plus any interest earned on the funds while on deposit with the Court) in accordance with the Court's separate disbursement order, which disbursements shall include $6,500.01 for MetLife's

attorneys' fees and costs as well as a minimum amount of $32,138.83 for Gloria Shaffer and a minimum amount of$32,138.83 for Krista Lonesome; and

5.       Subsequent to the disbursement of all funds as directed herein MetLife shall file a notice of voluntary discontinuance.


SO ORDERED.


/s/ W. Scott Hardy
W. Scott Hardy
United States District Judge